MEMORANDUM **
Subamma Tara Naidu, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.
The BIA did not abuse its discretion in denying Naidu’s motion to reopen as untimely because it was filed over a year after the BIA issued its final order, see 8 C.F.R. § 1003.2(c)(2), and Naidu failed to demonstrate material changed circumstances in Fiji to qualify for the regulatory exception to the time limit for filing motions to reopen, see 8 C.F.R. § 1003.2(c)(3)(ii); see also Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) (“The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a *324 legitimate claim for asylum now has a well-founded fear of future persecution
Naidu’s contention that the BIA failed to consider some or all of the evidence presented with the motion to reopen fails, because she did not overcome the presumption that the BIA did review the record. See Fernandez v. Gonzales, 439 F.3d 592, 603 (9th Cir.2006).
Contrary to Naidu’s contention, the BIA did not violate her due process rights by denying the motion to reopen without holding an evidentiary hearing. See 8 U.S.C. § 1229a(c)(7)(B) (stating that motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material); see also Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).
Finally, we lack jurisdiction to review Naidu’s contention that she was eligible for equitable tolling because she failed to exhaust this claim before the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.